IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DR. FRANCES PAGE GLASCOE,    )
    )
Plaintiff,    )
    )
v.    )    Case No. 15-cv-3639
    )
DR. CHARLES TURNER LEWIS III,    )    JURY DEMAND
KIDS HEALTHCARE, INC.,    )
LONE STAR PEDIATRICS, P.A.,    )
TOTAL CARE PEDIATRICS, P.A., and  )
NORTH TEXAS PEDIATRIC    )
MANAGEMENT SERVICES, LLC,    )
    )
Defendants.    )

## COMPLAINT

Plaintiff, Dr. Frances Page Glascoe, by counsel, alleges as follows for her Complaint against Defendants Dr. Charles Turner Lewis III, Kids Healthcare, Inc., Lone Star Pediatrics, P.A., Total Care Pediatrics, P.A., and North Texas Pediatric Management Services, LLC:

### I. THE PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Dr. Frances Page Glascoe, is a citizen and resident of Knoxville, Tennessee.

2.    Defendant Dr. Charles Turner Lewis III is a citizen and resident of Dallas, Texas.

3.    Defendant Kids Healthcare, Inc. is a corporation organized under the laws of the State of Texas with offices at 1011 W. Grove Street, Kaufman, TX 75142.

4.    Defendant Lone Star Pediatrics, P.A. is a professional association organized under the laws of the State of Texas with offices at 1011 W. Grove Street, Kaufman, TX 75142.

5.    Defendant Total Care Pediatrics, P.A. is a professional association organized under the laws of the State of Texas with offices at 1011 W. Grove Street, Kaufman, TX 75142.

6.      Defendant North Texas Pediatric Management Services, LLC is a limited liability company organized under the laws of the State of Texas with offices at 5909 Luther Lane, Apt. 1905A, Dallas, Texas 75225.

7.      This Court has subject-matter jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*

8.      This Court has personal jurisdiction over Defendants because Defendants are citizens and residents of this Judicial District and are conducting business in this Judicial District and because a substantial part of the events giving rise to this Complaint occurred in this Judicial District.

9.      Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims occurred in this Judicial District and Defendants are subject to personal jurisdiction within this Judicial District.

## II.  THE CONTROVERSY

10.     Dr. Glascoe is a Professor of Pediatrics at Vanderbilt University in Nashville, Tennessee, and the creator and owner of the copyright to Parents' Evaluation of Developmental Status ("PEDS"), developmental/behavioral screening tools consisting of three forms, including a Response Form, a Score Form, and an Interpretation Form (collectively, the "PEDS Tools").

11.     The PEDS Tools are surveillance and screening tools for children ages 0 to 8 years that, used together, elicit and address, with evidence-based support, parents' concerns about their child's development, behavior, and mental health.  The Response Form includes the screening questions.  The Score Form includes an evidence-based algorithm for assigning risk status.  The Interpretation Form includes the clinical guidance directing providers in how best to respond to levels of risk.  The PEDS Tools comply with American Academy of Pediatrics policy

and have been published widely and in many languages.  Examples of the test in application are available to the public on the PEDS official website.

12.     Dr. Glascoe created the PEDS Tools in 1989 and registered them in the U.S. Copyright Office on August 1, 1997, U.S. Copyright Registration No. TX 4-600-294.

13.     The PEDS Tools at the time of registration were available in hard copy only but are now available for use online as well, rendering them more easily compatible with the use of electronic health records by healthcare providers.  Each of the PEDS Tools includes a clear copyright notice in Dr. Glascoe's name, including the name of her publisher and administrator, PEDStest.com, LLC, and its address and phone and fax numbers, and website address.

14.     Dr. Glascoe, through her publisher and administrator, PEDStest.com, LLC, licenses, for a fee, the PEDS Tools to healthcare providers for use in their practices.

15.     Defendants are providers and/or managers of pediatric healthcare that operate under the business name Children's Medical Clinics.

16.     Dr. Glascoe recently discovered that Defendants have been using one or more of the PEDS Tools, or a substantially similar version of one or more of the PEDS Tools, in their practice without her permission, including, in particular, modifying their electronic health records software to include the tools, or a substantially similar version thereof.  Upon information and belief, this unauthorized use has occurred for many years.  Defendants originally included in their version of the PEDS Tools the term "PEDS" and the PEDS questions verbatim, with the exception of an erroneous omission of the word "concerned" in the first question. Further, they reordered the questions, and they deliberately omitted Dr. Glascoe's copyright notice and contact information.

17.     Upon learning of the infringements, Dr. Glascoe's publisher and administrator, PEDStest.com LLC, contacted Dr. Lewis and Children's Medical Clinics via written correspondence on June 24, 2015, bringing the infringements to their attention.  Defendants refused to cease the infringements, and instead, within thirty (30) minutes of PEDStest.com LLC's sending the infringement notice, Defendants removed all references to "PEDS" and changed the name to the generic "Developmental Screening Tool" but continued to use the same questions, including with the error.  Counsel for Dr. Lewis and Children's Medical Clinics then responded to PEDStest.com LLC with an emphatic denial of infringement on their behalf.

18.     PEDStest.com, LLC sent a second cease-and-desist letter on July 10, 2015.  After the letter was sent, Defendants again changed the test, this time calling it "CMCDevelopmental Screening."  At that juncture Defendants reworded the questions so that, rather than begin with the phrase "Do you have concerns about…," they began with the phrase "Are you concerned about…."  The specific content of the questions remained the same.  For example, the question "Do you have concerns about how your child talks and makes speech sounds?" changed to "Are you concerned about how your child talks and makes speech sounds?"

19.     On or about August 17, 2015, Dr. Glascoe's counsel sent a cease-and-desist letter to Dr. Lewis and Children's Medical Clinics.  Defendants continued to refuse to cease the infringements and, upon information and belief, continue to use tools substantially similar to the PEDS Tools to this day.

20.     By their conduct described above, Defendants willfully, intentionally, and knowingly infringed the PEDS Tools and omitted the copyright notice and Dr. Glascoe's contact information from the tools for purposes of commercial advantage and/or private financial gain, and continue to do so.

21.     As a direct and proximate result of Defendants' infringement of the PEDS Tools and intentional omission of the copyright notice and contact information from the tools, Dr. Glascoe has incurred damages in an amount to be proven at trial.

22.     Furthermore, or in the alternative, the entity Defendants are related entities that share common elements of management, finances, control, supervision, and reporting, and are mutually, jointly, and severally liable under the legal theory of *respondeat superior*.  The past, present, and continuing relations and dealings by and between these Defendants are so inextricably intertwined that some or all of them should be considered as a single entity and/or a joint enterprise when committing the unlawful acts that form the basis of this lawsuit.

## COUNT I

### Copyright Infringement

23.     Dr. Glascoe restates and incorporates herein the allegations set forth in Paragraphs 1-22 above.

24.     Dr. Glascoe owns the copyright to the PEDS Tools, including, without limitation, the exclusive right to copy, publish, sell, display, distribute, and create derivative works from the PEDS Tools.

25.     Dr. Glascoe granted no license to Defendants, nor any of Defendants' employees or agents, to use the PEDS Tools.

26.     Dr. Glascoe did not transfer or assign any rights in and/or to the PEDS Tools to Defendants, or to any of Defendants' employees or agents.

27.     Defendants have copied, published, displayed, and/or created derivative works from one or more of the PEDS Tools and/or works substantially similar to the PEDS Tools without Dr. Glascoe's permission and despite her objections.  By their conduct, Defendants have

willfully and intentionally infringed Dr. Glascoe's copyrights in the PEDS Tools. Defendants' infringing conduct is ongoing, despite notice of infringement.

28. As a direct and proximate result of Defendants' infringements, Dr. Glascoe has been damaged and is entitled to injunctive relief to prevent the infringement of her copyrights, impoundment of the infringing articles, her actual damages and any additional profits of the infringers, statutory damages, attorneys' fees, costs, and pre-judgment interest.

29. As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Dr. Glascoe for the infringing works. Accordingly, Dr. Glascoe is entitled to and seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

30. In the alternative, Dr. Glascoe is entitled to and seeks statutory damages for Defendants' infringement of the PEDS Tools, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

31. The infringement by Defendants was willful and performed with knowledge that the reproduction, display, and distribution of the PEDS Tools or works substantially similar to them was unauthorized; Dr. Glascoe is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2).

## COUNT II

### Digital Millennium Copyright Act Violations — 17 U.S.C. §§ 1201, *et seq.*

32. Dr. Glascoe restates and incorporates herein the allegations set forth in Paragraphs 1-22 above.

33. Dr. Glascoe's copyright notice and contact information constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(1), (2) and (3).

34.     Upon information and belief, Defendants, without the authority of Dr. Glascoe or the law, intentionally removed and altered Dr. Glascoe's copyright notice and contact information and distributed the PEDS Tools or substantially similar versions thereof, knowing that Dr. Glascoe's copyright notice had been removed or altered, knowing or having reasonable grounds to know that such removal or alteration would induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

35.     As a direct and proximate result of Defendants' wrongful conduct, Dr. Glascoe has suffered damages and is entitled to the remedies set forth under 17 U.S.C. § 1203.

36.     Specifically, Dr. Glascoe is entitled to and seeks actual damages pursuant to 17 U.S.C. § 1203(c)(2).

37.     In the alternative, Dr. Glascoe is entitled to and seeks statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4-5).

WHEREFORE, Dr. Glascoe demands the following relief:

1.     All available remedies set forth in the Copyright Act, 17 U.S.C. §§ 503, 504, 505, 506, and 1203, including, without limitation, actual damages, Defendants' profits attributable to the infringements, statutory damages, attorneys' fees, costs, pre-judgment interest, impoundment of the infringing articles, and a preliminary and permanent injunction; and

2.     Such other and further relief as may be appropriate.

## JURY DEMAND

Dr. Glascoe hereby demands a trial by jury of all issues so triable.

Respectfully submitted,


/s/Gregory L. Maag
Gregory L. Maag (TX Bar # 12748500)
Conley Rose, P.C.
1001 McKinney, Suite 1800
Houston, TX 77002
Phone: (713) 238-8040
Fax: (713) 238-8008
gmaag@conleyrose.com

Of counsel:

Amy J. Everhart (TN BPR # 019374)
*Pro Hac Vice Pending*
Everhart Law Firm PLC
1400 Fifth Avenue North
Nashville, Tennessee 37208
Phone: (615) 800-8919
Fax: (615) 800-8918
amy@everhartlawfirm.com


Attorneys for Plaintiff,
Dr. Frances Page Glascoe